UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| ELEANOR Z. RABIN | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| DOUGLAS A. MCCLAIN, SR., | § | |
| ARGYLL BIOTECHNOLOGIES, LLC, | § | Civil Action No. SA-10-CV-981-XR |
| PADMORE HOLDINGS, LTD., JAMES | § | |
| T. MICELI, and DOUGLAS A. | § | |
| MCCLAIN, JR., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this date, the Court considered the unopposed August 11, 2011 motion to withdraw filed by counsel for Defendants Douglas McClain Sr., James Miceli, Douglas McClain Jr., Padmore Holdings, Ltd., and Argyll Biotechnologies, LLC. (Docket No. 49). No successor counsel have been identified.

**Standard of Review**

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re. Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawal of an attorney in a given case is a 'matter entrusted to the sound discretion of the court.'" *In re. Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation omitted). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Federal Trade Comm'n v. Intellipay, Inc.*, 828 F.Supp. 33, 34 (S.D. Tex. 1993). "[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors," paramount among those factors "are considerations of undue delay in the proceedings, prejudice to the client, and the

interests of justice." *Dorsey v. Portfolio Equities, Inc.*, Case No. 3:04-CV-0472-B, 2008 U.S. Dist. LEXIS 75654, at *6 (N.D. Tex. Sept. 29, 2008). Furthermore, a court's determination whether an attorney has just cause to withdraw from a representation depends upon the facts and circumstances of each case. *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN-Chile)*, 76 F.3d 658, 663 (5th Cir. 1996).

**Analysis**

**I.    Motion to Withdraw**

Defendants' counsel provides several reasons for why they allege that they cannot fulfill their obligations with regard to their representation in this matter. First, Defendants' counsel informs the Court that a "personality conflict has arisen and there is a failure in expectations, making it unreasonably difficult for [counsel] to continue to represent the Clients." Further, Defendants' counsel assert that the "the Clients have failed substantially to fulfill their obligation to pay [counsel] under the written fee agreement" and, as a result, continued representation would impose a "burden of financial hardship" on counsel. Defendants' counsel note that throughout the months of May through July, 2011, they advised the Defendants that unless they fulfilled their obligations under the fee agreement, counsel would seek leave from the Court to withdraw from the representation. Defendants' counsel state that the Defendants still failed to fulfill their financial obligations, and have refused to respond to counsel's warning that they intended to seek leave to withdraw. Defendants' counsel assert that "[t]here is no realistic hope that this situation will change and continued representation serves no purpose to either party." Additionally, Defendants' counsel note that a scheduling order has not been entered and there are no pending hearing dates. As a result, they argue that their withdrawal would not cause unnecessary delay, and that there is suitable time for the Defendants to retain

new counsel.

The Fifth Circuit has recognized that good cause for withdrawal may exist when a client "refuses to pay for services." *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN Chile)*, 76 F.3d 658, 663 (5th Cir. 1996). Other courts have found that this is especially true when counsel has made repeated requests for payment, and informed the client of an intent to withdraw if payment is not received. *See Dorsey v. Portfolio Equities, Inc.*, Case No. 3:04-CV-0472-B, 2008 U.S. Dist. LEXIS 75654, at *6 (N.D. Tex. Sept. 29, 2008); *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)).

As noted above, the Defendants have not fulfilled their obligations under the fee agreement, and counsel have made repeated attempts to advise the Defendants that unless they fulfilled their obligations, counsel would seek leave from the Court to withdraw from the representation. Despite these warnings, Defendants have failed to fulfill their financial obligations, and have refused to respond to counsel. "[A]n attorney should not be in a position where he or she has not been paid, and yet must continue to work for the client at his or her own expense." *Dorsey v. Portfolio Equities, Inc.*, Case No. 3:04-CV-0472-B, 2008 U.S. Dist. LEXIS 75654, at *6 (N.D. Tex. Sept. 29, 2008) (quoting *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)).

However, before counsel's motion to withdraw can be granted, this Court must consider whether doing so would cause unnecessary delay, prejudice, or interference with justice. Significantly, this case is still very much in its infancy. *See id.* A scheduling order has not been entered and no hearings are scheduled. This court therefore concludes that counsel's withdrawal will not cause additional delay or prejudice to the Defendants. Accordingly, Counsel's Motion

to Withdraw as Attorney of Record for the Defendants is GRANTED.[1]

## II.     Corporate Defendants

In federal court, a corporation is not permitted to proceed *pro se*. The clear rule is that a corporation, as a fictional legal person, can only be represented by licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). This is so even when the person seeking to represent the corporation is its president and major stockholder. *In re K.M.A.*, 652 F.2d at 399.

Because the Court has permitted counsel to withdrawal, the Court directs Padmore Holdings, Ltd. and Argyll Biotechnologies, LLC to obtain legal counsel and cause them to enter an appearance within 30 days of the issuance of this order. If Padmore Holdings, Ltd. and Argyll Biotechnologies, LLC fail to obtain counsel, the Court may strike their pleadings or enter other appropriate sanctions.

## Conclusion

It is ORDERED that the motion to withdraw (Docket No. 49) is GRANTED and that counsel The Krueger Group, LLP, William L. Parker, and Blair Krueger, Jr. are permitted to withdraw as counsel for Douglas McClain Sr., James Miceli, Douglas McClain Jr., Padmore Holdings, Ltd., and Argyll Biotechnologies, LLC. The Court further ORDERS Padmore Holdings, Ltd. and Argyll Biotechnologies, LLC to obtain legal counsel and cause them to enter

---

[1] Pursuant to the Local Rules of the Western District of Texas:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set for the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

Local Rule AT-3 (W.D.Tex.). The Court notes that counsel's motion complies with the local rule.

an appearance within 30 days of the issuance of this order. The Clerk is directed to mail a copy of this Order to the last known address of Douglas McClain Sr., James Miceli, Douglas McClain Jr., Padmore Holdings, Ltd., and Argyll Biotechnologies, LLC as provided in the motion.

SIGNED this 24th day of August, 2011.

_____
XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE